**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CHERYL ROGERS,**

                              **Plaintiff,**

     vs.                                            **1:16-cv-00784
(MAD/CFH)**

**OVERTON, RUSSELL, DOERR & DONOVAN, LLP,**

                              **Defendant.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**RC LAW GROUP, PLLC**                 **DANIEL KOHN, ESQ.**
285 Passiac Street
Hackensack, New Jersey 07601
Attorneys for Plaintiff

**BARCLAY DAMON, LLP**               **PAUL A. SANDERS, ESQ.**
2000 HSBC Plaza
100 Chestnut Street, Suite 2000
Rochester, New York 14604
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     On June 29, 2016, Cheryl Rogers ("Plaintiff") commenced this action alleging that Overton, Russell, Doerr, and Donovan, LLP ("Defendant") violated 15 U.S.C. §§ 1692 *et seq.*, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"). *See* Dkt. No. 1 at ¶ 1. Currently before the Court is Defendant's motion to dismiss. *See* Dkt. No. 8.

### II. BACKGROUND

     This action concerns Plaintiff's alleged consumer debt as defined by 15 U.S.C. § 1692a(5) and Defendant's inaction as a debt collector to provide the credit bureau with a status update for

Plaintiff's alleged debt. *See* Dkt. No. 1 at ¶¶ 9, 13, 16. Nearly two years before April 6, 2016, Defendant reported Plaintiff's alleged debt to a credit bureau. *See id*. at ¶ 11; Dkt. No. 8 at 1. On April 6, 2016, Plaintiff sent Defendant a letter to dispute the alleged debt. *See* Dkt. No. 1 at ¶ 12. On June 1, 2016, Plaintiff examined her credit report and saw that Defendant had neither removed the credit account nor marked it as "disputed by consumer." *Id*. at ¶ 13. As a result, Plaintiff asserts that Defendant violated "various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), 1692e(10), and 1692f." *Id*. at ¶ 16.

On August 23, 2016, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6). *See* Dkt. No. 8. Defendant argues that the complaint raises a single legal issue, "whether a debt collector has an affirmative/continuing duty to report to a credit bureau Plaintiff's dispute learned after the initial report." *Id*. at 2. Defendant further contends "that a debt collector owes no affirmative post-reporting duty to communicate a dispute." *Id.*

Currently before the Court is Defendant's motion to dismiss for failure to state a claim. *See id*.

### III. DISCUSSION

**A.    Standard of review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

**B.     Plaintiff's claim under 15 U.S.C. § 1692**

The FDCPA was enacted "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)). To that end, "[a]

3

debt collector may not use any false, deceptive, or misleading representation or means." 15 U.S.C. § 1692e.  Additionally, the FDCPA provides "examples of particular practices that debt collectors are forbidden to employ" but the list "is non-exhaustive, and the FDCPA generally forbids collectors from engaging in unfair, deceptive, or harassing behavior." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (citing 15 U.S.C. §§ 1692 *et seq.*).  Whether a debt collector's communications to a consumer comply with the FDCPA is determined "from the perspective of the 'least sophisticated consumer.'" *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (quotation omitted).  The Second Circuit has defined the "least sophisticated consumer standard" as "'an objective analysis that seeks to protect the naive from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters.'" *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 193 (2d Cir. 2015) (quoting *Greco*, 412 F.3d at 363).

To establish a violation under the FDCPA, "'(1) the plaintiff must be a "consumer" who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a "debt collector," and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (quoting *Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014)).

Plaintiff alleges that Defendant violated the FDCPA because Defendant had "not removed the credit amount nor marked it as 'disputed by consumer'" after Plaintiff sent a dispute letter on April 6, 2016.  Dkt. No. 1 at ¶¶ 12-13; *see also* Dkt. No. 12 at 1-2.  In response, Defendant asserts that the dispute letter was sent nearly two years after Defendant reported the debt to a credit bureau and that "a debt collector owes no affirmative post-reporting duty to communicate a

dispute." Dkt. No. 8 at 2.

In pointing to Defendant's failure to update the debt's status, Plaintiff appears to allege a violation of 15 U.S.C. § 1692e(8), which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."[1] In making this allegation, Plaintiff does not cite any case law to support the assumption that a debt collector has an affirmative duty to update the status of a debt after it is reported to a credit bureau.[2]

---

[1] In her complaint, Plaintiff alleges violations of six separate provisions of the FDCPA, "including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f." Dkt. No. 1 at ¶ 16. The only substantive allegations in her complaint, however, allege Defendant's failure to update the status of her alleged debt once it was informed that Plaintiff disputed the debt. Plaintiff does not allege any additional misconduct prohibited by the FDCPA in either her complaint or response to the motion to dismiss. As such, the only provision of the FDCPA which is arguably applicable based on the facts set forth in the complaint is 15 U.S.C. § 1692e(8). *See* 15 U.S.C. § 1692d (providing that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt"); 15 U.S.C. § 1692e(2) (prohibiting "false representation"); 15 U.S.C. § 1692e(5) (prohibiting "threats to take any action that cannot legally be taken or that is not intended to be taken"); 15 U.S.C. § 1692e(10) (prohibiting "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"); and 15 U.S.C. § 1692f (stating that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt").

[2] Plaintiff cites *Acosta v. Campbell*, No. 6:04-cv-761, 2006 WL 3804729 (M.D. Fla. Dec. 22, 2006) for the proposition that "Defendant's insituation [sic] that a debt collector can wash its hands of responsibility for failing to property [sic] report a dispute is false." Dkt. No. 12 at 6. Plaintiff's reliance is misplaced. *Accosta* involved two defendants, a mortgage holder and a law firm engaged in debt collection activity. The plaintiff alleged that the mortgage holder violated the FDCPA "by reporting the delinquent status of his account to credit reporting agencies from July 2003 to April 2006 without stating that it was disputed." *Accosta*, 2006 WL 3804729, at *7. The court found that the claim failed as a matter of law because the mortgage holder was not a debt collector under the FDCPA. *See id.* (citations omitted). The plaintiff also tried to "impose an affirmative duty on debt-collectors to report 'disputed' debts to credit reporting agencies even when no debt is reported at all because the Law Office knew the [mortgage holder/creditor] was reporting Plaintiff's debt." *Id.* The court again dismissed this claim and found that because the law firm "did not report the account to a credit reporting agency, it had no duty to report Plaintiff's account as disputed." *Id.*

(continued...)

Additionally, nothing in 15 U.S.C. §§ 1692d, 1692e, and 1692f creates this obligation.

Contrary to Plaintiff's conclusory allegations, the case law makes clear that a debt collector owes no affirmative post-reporting duty to communicate a dispute that arises after the debt has been reported. In *Kinel v. Sherman Acquisition II LP*, No. 05 Civ. 3456, 2006 WL 5157678 (S.D.N.Y. Feb. 28, 2006), the court relied on commentary provided by the Federal Trade Commission to reject this very argument. *See id.* at *17. Specifically, the court held as follows:

> The FTC has issued commentary on the FDCPA which clarifies a debt collector's duties under § 1692e(8). . . . The FTC Commentary explains, "If a debt collector knows that a debt is disputed by the consumer ... and reports it to a credit bureau, [the debt collector] must report it as disputed." . . . However, when a debt collector learns of a dispute after the debt has been reported, "the dispute need not also be reported." . . . Thus, the FTC Commentary has interpreted § 1692e(8) as not explicitly requiring a debt collector to update information about the disputed status of a debt about which it has not reported, or about which it has already reported prior to a consumer's dispute.

*Id.* (quoting *The Federal Trade Commission (FTC) Commentary*, 53 F.R. 50097 § 807(8)).

More recently, in *Vernot v. Pinnacle Credit Servs., L.L.C.*, ___ F. Supp. 3d ___, 2017 WL 384327 (E.D.N.Y. 2017), the court rejected the same arguments. In *Vernot*, the plaintiff alleges a violation of the FDCPA when the defendant "did not change the status of the outstanding debt on plaintiff's credit report once plaintiff sent defendant the dispute letter." *Id.* at *1 n.2. Rejecting this argument, the court fist noted that only two provisions of the FDCPA deal with credit reporting at all, sections 1692e(8) and 1692e(16). *See id.* Since section 1692e(16) prohibits debt

---

[2](...continued)
Similarly, Plaintiff's reliance on *Semper v. JBC Legal Group*, No. 04-cv-2240, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005) is unavailing. In *Semper*, the court held that a debt collector cannot refuse to report a debt is disputed "[b]ased solely on its own determination that plaintiff had failed to establish the merits of her dispute[.]" *Id.* at *3. The Court did not address whether a debt collector has an affirmative obligation to report a dispute learned years after it had reported the debt.

6

collectors from making false representations or implications that they operate or are employed by a consumer reporting agency, the section was clearly inapplicable. *See id.* As to section 1692e(8), the court held that it applies "'once a debt has been disputed' and prevents debt collectors from 'communicat[ing] the debtor consumer's credit information to others without disclosing the dispute.' . . . It does not impose an affirmative duty on debt collectors to update the status of each debt it has reported." *Id.* (quoting *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 285 (2d Cir. 2013)). Courts throughout the country have reached the same result. *See Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008); *Wells v. Deca Fin. Servs., LLC*, No. 1:12-cv-1514, 2013 WL 772870, *3 (S.D. Ind. Feb. 28, 2013) (citing cases).

Plaintiff has failed to provide the Court with any persuasive arguments why it should reject this overwhelming weight of persuasive authority. Like in *Anderson*, Plaintiff's letter of dispute came after Defendant reported the debt. In fact, Plaintiff sent the dispute letter nearly two years after Defendant sent the initial report to the credit bureau. *See* Dkt. No. 8 at 1. Even Plaintiff admits that her "claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the 'FDCPA') stem from Defendant's failure to remove or notate as disputed a debt reported to credit reporting agencies *after* Ms. Rogers put Defendant on notice of a dispute by a way of a letter date April 6, 2015 [sic] sent certified mail, which Defendant received." Dkt. No. 12 at 1-2 (emphasis in the original). Since section 1692e(8) does not create an affirmative obligation to report that the debtor has disputed the debt after it had already been reported to the credit reporting agencies, the Court finds that Plaintiff has failed to plausibly allege a violation of the FDCPA.

Based on the foregoing, the Court finds that Plaintiff has failed to establish the requisite elements for a claim under the FDCPA and, therefore, grants Defendant's motion to dismiss.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case.

**IT IS SO ORDERED.**

Dated: February 13, 2017
       Albany, New York

Mae A. D'Agostino
U.S. District Judge